UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOHN L. GALLO *et al.*, :
: CASE NO. 1:13-CV-02440
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 31 & 36]
MOEN, INC., :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this purported class action lawsuit, Plaintiffs are retirees of Defendant Moen, Inc, a widow of a Moen retiree, and the United Automobile Workers ("UAW"). Plaintiffs say that Defendant Moen plans to cancel Moen retiree healthcare coverage that was promised in a series of collective bargaining agreements.

On December 11, 2013, this Court held a hearing on Plaintiffs' motion for a preliminary injunction. With its motion, the Plaintiffs sought to prevent Defendant Moen from terminating the healthcare coverage and a case management conference. The Court subsequently granted Plaintiffs' motion for a preliminary injunction and set a bond of $5,000 for the injunction.[1/] The Court also issued a case management order that set dates for discovery, dispositive motions, and trial.[2/]

Before the Court are Plaintiffs' motion to extend all deadlines in this case by 60 days and

---

[1/] Doc. 29.
[2/] Doc. 27.

-1-

Case No. 1:13-CV-02440
Gwin, J.

Defendant's motion to increase the amount of the bond.[3]

The Court **GRANTS IN PART** Plaintiffs' motion and **DENIES** Defendant's motion.

### I. Plaintiffs' Motion to Extend All Deadlines

On December 11, 2013, the Court set a variety of deadlines for this case: 1) all discovery needed to file or respond to a dispositive motion must be completed by March 17, 2014; 2) all dispositive motions must be filed by March 24, 2014, with responses due April 7, 2014, and replies due April 14, 2014; 3) all discovery must be completed by May 29, 2014; 4) trial will begin on June 9, 2014, with a final pre-trial conference June 4, 2014, at noon.[4]

On March 3, 2014, Plaintiffs' moved for a 60-day extension of all deadlines in the case.[5] Plaintiffs say that Defendant Moen produced nearly 30,000 pages of documents on February 28, 2014, and Plaintiffs need the additional 60 days to review the documents and schedule any additional depositions in support of a motion for summary judgment.[6]

Defendants oppose a 60-day extension but would agree to a 30-day extension of all deadlines.[7]

The Court will allow a brief extension of the dates in this case but will not allow a 60-day extension.

First, the primary evidence on Plaintiffs' claims are the contracts themselves.[8] Extrinsic

---

[3] There are other pending motions that the Court will resolve in separate orders.
[4] Doc. 27.
[5] Doc. 36.
[6] *Id.* at 2-3.
[7] Doc. 37.
[8] *See* Doc. 29 at 9 (noting that the Court must "first look tot he language of the agreement to determine if there is a 'clear manifestation of intent' to create vested benefits" (footnote omitted)).

Case No. 1:13-CV-02440
Gwin, J.

evidence should only be considered when the contracts are ambiguous.[9] If the Court must consider extrinsic evidence, the Court could only grant summary judgment if no genuine dispute existed about the extrinsic evidence.[10] Therefore, while counsel should review the discovery, a 60-day extension is unnecessary.

Second, the Court has preliminarily enjoined Defendant Moen from terminating the purported class's healthcare coverage.[11] The interests of justice suggest that the case be quickly resolved.

Therefore, the Court will reset the deadlines in this case as follows:

1) all discovery needed to file or respond to a dispositive motion must be completed by April 17, 2014;

2) all dispositive motions must be filed by April 24, 2014, with responses due May 8, 2014, and replies due May 15, 2014;

3) all discovery must be completed by June 27, 2014;

4) trial is set on a two-week standby period beginning July 7, 2014, with a final pre-trial conference July 2, 2014, at noon.

## II. Defendants' Motion to Increase the Bond

On December 11, 2013, at the hearing on Plaintiffs' motion for a preliminary injunction, the Court announced that it would grant the motion and set a bond of $5,000.[12]

On December 17, 2013, the Court issued a written order granting the motion and setting a

---

[9] *Id.* at 11 (citing *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571, 579 (6th Cir. 2006)).
[10] *See Averill v. Gleaner Life Ins. Soc.*, 626 F. Supp. 2d 756, 761 (N.D. Ohio 2009).
[11] Doc. 29.
[12] Doc. 28 at 99:15-17.

Case No. 1:13-CV-02440
Gwin, J.

bond of $5,000.[13]

Almost two months later, on February 10, 2014, Defendant Moen moved the Court to increase the amount of the bond.[14] Moen says that if the Court were to find in Moen's favor on the merits, its damages for having been wrongfully enjoined would be capped at the amount of the bond.[15] Moen says it spends almost $100,000 on retiree healthcare costs each month, which would mean it would spend $600,000 on healthcare costs by the original June trial date.[16]

Plaintiffs oppose the motion.[17]

Although the Sixth Circuit has not specifically said that a wrongfully enjoined defendant's damages are capped at the amount of the bond,[18] at least one district court in the Sixth Circuit has held that the damages are capped by the bond.[19] The Court does not decide at this time whether Sixth Circuit precedent requires that a defendant's damages are capped by the bond. In any event, the Court still has discretion in setting the amount of the bond, as Defendant recognizes.[20]

The Court will not increase the bond.

First, Moen did not object to the $5,000 bond for two months. Moen knew that the Court

---

[13] Doc. 29.
[14] Doc. 31.
[15] Doc. 31-1 at 3-4 & n.2.
[16] *Id.* at 4.
[17] Doc. 33.
[18] Defendant Moen cites the Sixth Circuit's opinion in *Michigan American Federation of State County & Municipal Employees Council 25, Local 1640 v. Matrix Human Services*, 589 F.3d 851 (6th Cir. 2009) as holding that "a party cannot recover more than the value of the bond in an action for wrongful injunction damages." Doc. 31-1 at 4 n.2. However, *Matrix* involved the Norris-Laguardia Act's bond provision, 29 U.S.C. § 107, not Federal Rule of Civil Procedure 65. Therefore, *Matrix* did not directly address the question of whether a defendant's damages for a wrongly imposed Rule 65 injunction are capped by the bond.

[19] *See Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 869 F. Supp. 2d 800, 804-06 (E.D. Ky. 2012).
[20] *See* Doc. 31-1 at 4 (citing *Div. No. 1 Detroit, Blvd. of Locomotive Eng'rs v. Consol. Rail Corp.*, 844 F.2d 1218, 1226 (6th Cir. 1988)).

-4-

Case No. 1:13-CV-02440
Gwin, J.

would likely set a $5,000 bond on December 11, 2013.  It also had all of the financial information to calculate what its actual loss would be from a wrongful injunction.  Nevertheless, Moen did not make this motion until February 10, 2014.  The Court finds that this delay suggests that the importance of the bond to Moen is not so great.[21]

But second, and most importantly, the Court rejects Moen's argument that the UAW should contribute to the bond.[22]  Although the UAW is a plaintiff in this action, it is not the beneficiary of the injunction.  The UAW represented the purported class while they were employees of Moen at the Elyria plant, but the class members are no longer in that collective bargaining unit and, in fact, no collective bargaining unit exists at the plant because Moen closed it.[23]

The parties who are the beneficiaries of the injunction are the retirees, and the Court has already determined that they are on fixed incomes and could not pay the costs of healthcare coverage in the absence of an injunction.[24]  Moen has significant resources.[25]  The Court finds that, considering the costs of a higher bond to the Plaintiffs' and the costs of the injunction to Defendant, a $5,000 bond is appropriate in this case.

---

[21] Moen also suggests that it did not have to present evidence concerning the bond at the hearing.  *See* Doc. 40 at 4-5.  The Sixth Circuit has held that "it was error for the judge . . .to have failed to exercise the discretion required of him by Rule 65(c) *by expressly considering the question of requiring a bond*." Roth v. Bank of the Commonwealth, 583 F.2d 527, 539 (6th Cir. 1978) (emphasis added).  In other words, the Court had to consider a bond before entering the injunction.  Given that necessary step in issuing a preliminary injunction, Moen should have anticipated that the Court would make a bond determination if the Court granted the injunction.  Parties must present alternative evidence frequently; a defendant would not win a new trial on the theory that it did not present any evidence on damages because it did not know the jury would find against it.  Similarly, Moen's claim that it did not have to present evidence of its damages because it did not know the Court would rule against it loses.

[22] *See* Doc. 31-1 at 4-5.

[23] *See generally* Doc. 1.

[24] Doc. 29 at 12.

[25] *See* Doc. 33-2 (financial report for Moen's parent company Fortune Brands).

Case No. 1:13-CV-02440
Gwin, J.

### III. Conclusion

For these reasons, the Court **GRANTS IN PART** Plaintiffs' motion to extend all deadlines as described in this order. The Court **DENIES** Defendant Moen's motion to increase the bond.

IT IS SO ORDERED.


Dated: March 10, 2014          s/    *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE