UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| JOHN L. GALLO *et al.*, Individually and on behalf of all others similarly situated, | : : : | |
| | : | CASE NO. 1:13-CV-2440 |
| Plaintiffs, | : : | |
| vs. | : : | JUDGMENT |
| MOEN, INC., | : : | |
| Defendant. | : : : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 23, 2014, this Court granted summary judgment to the Plaintiffs, declaring that the retirement healthcare benefits described in the parties' collective bargaining agreements and the plant closing agreement were lifetime, vested benefits.[1] This Court also permanently enjoined the Defendant from terminating the retirement healthcare benefits for the class members during their lifetimes, for retirees and their spouses, and for eligible dependents.[2] Finally, this Court awarded attorney's fees and costs to the Plaintiffs.[3]

On February 8, 2016, the United States Court of Appeals for the Sixth Circuit reversed this Court's judgment, vacated the attorney's fee award in this case, and remanded with orders that this Court enter judgment for Defendant Moen.[4] The United States Supreme Court denied Plaintiffs' petition for certiorari.[5]

Accordingly, the Court enters **JUDGMENT** in favor of Defendant Moen consistent with the February 8, 2016 opinion and judgment of the United States Court of Appeals for the Sixth

---

[1] Doc. 62.
[2] *Id.*
[3] Doc. 69.
[4] Doc. 78.
[5] Doc. 82.

Case No. 13-cv-2400
Gwin, J.

Circuit. The Court **VACATES** its declaration that the retirement healthcare benefits described in the collective bargaining agreements and the plant closing agreement between the parties are lifetime, vested benefits. The permanent injunction, entered on June 23, 2014, enjoining Defendant Moen from terminating the class members' retirement healthcare benefits shall be **DISSOLVED** effective 60 days after Moen provides notice to class members of any material modification to the terms of the plan.[6]

This action is terminated under Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Dated:  November 28, 2016                    *s/         James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[6] 42 U.S.C.A. § 300gg-15(d)(4) provides:

> If a group health plan or health insurance issuer makes any material modification in any of the terms of the plan or coverage involved (as defined for purposes of section 1022 of Title 29) that is not reflected in the most recently provided summary of benefits and coverage, the plan or issuer shall provide notice of such modification to enrollees not later than 60 days prior to the date on which such modification will become effective.

-2-